IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                            CASE NO. 5:06-cr-00041-RS-AK

MICHAEL DEWAYNE TENSLEY,

    Defendant.
_____/

### **ORDER**

This matter is before the Court on Doc. 43, Second Amended Motion to Vacate, by Michael Dewayne Tensley. The Government has filed a response, Doc. 46, and the time to file a reply has passed with only limited further argument from Defendant.[1]

The only issue is whether counsel rendered ineffective assistance when he failed to file a notice of appeal on Defendant's behalf. Doc. 43 at 3. While there is persuasive evidence in the record supporting the Government's position that Defendant waived his right to appeal, the Court is concerned that it not improperly cross the threshold of crediting counsel's version of events over Defendant's. *See Gallego v. United States*, 174 F.3d 1196, 1198-99 (11th Cir. 1999) (where defendant's word is pitted against that of his counsel, court must hold evidentiary hearing, as it cannot *per se* credit counsel's testimony over defendant's). The question of

---

[1] Attached to a second motion for appointment of counsel is a letter from Defendant to the undersigned which the Court will consider as Defendant's reply. *See* Doc. 50, Supp. Letter.

whether an evidentiary hearing is required is close, and in that situation, the Court believes it more advisable to err on the side of caution.

Since the Court believes an evidentiary hearing is required in this case, counsel must be appointed to represent Defendant at the hearing, and the hearing must be held "as promptly as practicable...." § 2255, Rule 8(c).

In closing, the Court would remind the parties of a few matters. First, the only issue before this Court is the question of whether Defendant was afforded his Sixth Amendment right to effective assistance of counsel.

Second, Defendant, not the Government, bears the burden of proof on his claim of ineffectiveness, and to prevail, Defendant must prove both prongs of the *Strickland* test by a preponderance of the evidence. *See also Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (explaining application of *Strickland* in context of failure to file notice of appeal).

Third, the Court will not allow any collateral attacks on counsel. The focus of this hearing is on this case and on counsel's representation of this Defendant.

Fourth, the Court will order production of all necessary reports and records as counsel requires with the costs taxed to the Clerk of Court.

Fifth, the Court will, of course, reserve the right to request supplemental briefing and will make such disposition of this matter as justice requires.

Finally, given the number of attorneys involved in this case, if a scheduling conflict arises, the parties shall confer and submit a joint motion to continue which contains mutually agreeable hearing dates for the Court's consideration.

Accordingly, it is **ORDERED**:

1. That an evidentiary hearing addressed to the issue outlined above is hereby set for

       **Thursday, October 25, 2007, at 10:00 a.m.**, before the undersigned in Gainesville, Florida;

2. That **Anderson Hatfield,** 4114 NW 13th Street, Gainesville, FL  32609, 352-377-5704, is appointed to represent the Defendant, Michael Tensley, at the evidentiary hearing;

3. That the Clerk shall immediately mail a copy of this Order to Mr. Hatfield at the above address;

4. That the United States Marshal shall ensure that Defendant is housed within the perimeters of the Gainesville Division of this Court within ten (10) calendar days of the hearing date so that counsel can readily confer with his client as necessary.

**DONE AND ORDERED** this _4th_ day of September, 2007.

                *s/ A. KORNBLUM*
                **ALLAN KORNBLUM**
                **UNITED STATES MAGISTRATE JUDGE**