IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.     CASE NO. 5:06-cr-00041-RS-AK

MICHAEL DEWAYNE TENSLEY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 43, Second Amended Motion to Vacate, by Michael Dewayne Tensley.[1] The Government filed a response, Doc. 46, and the time to file a reply passed with only limited further argument from Defendant.[2] The only issue is whether

---

[1] Defendant filed a "Motion for Appropriate Relief Pursuant Defendants in the Institution," which the Clerk interpreted as a § 2255 motion to vacate. Docs. 29 & 30. Because the motion was not on the appropriate form for pursuing § 2255 relief, the Court directed Defendant to file an amended motion on the form provided by the Clerk. Doc. 32. Defendant complied, Doc. 37, and later filed a second amended motion to vacate. Doc. 43. The Government filed its response, and the time for filing a reply passed without further argument from Defendant. As the Court began preparing its Report and Recommendation, it realized that when the Clerk recharacterized the "Motion for Appropriate Relief" as a motion to vacate, the Court failed to give Defendant a proper *Castro* notice. It therefore issued a *Castro* notice, giving Defendant several options on how to proceed with his claims. Doc. 47. In a Notice to the Court, Defendant advised that he "wants [to] proceed with the second amended motion to vacate." Doc. 48.

[2] Attached to a second motion for appointment of counsel is a letter from Defendant to the undersigned which the Court will consider as Defendant's reply. *See* Doc. 50, Supp. Letter.

counsel rendered ineffective assistance when he failed to file a notice of appeal on Defendant's behalf.  Doc. 43 at 3.  While there was persuasive evidence in the record supporting the Government's position that Defendant waived his right to appeal, the Court was concerned that it not improperly cross the threshold of crediting counsel's version of events over Defendant's. *See Gallego v. United States*, 174 F.3d 1196, 1198-99 (11th Cir. 1999) (where defendant's word is pitted against that of his counsel, court must hold evidentiary hearing, as it cannot *per se* credit counsel's testimony over defendant's).  Although the question of whether an evidentiary hearing was required was close, the Court determined it was more advisable to err on the side of caution.  It therefore appointed counsel to represent Defendant and held an evidentiary hearing, which was transcribed for the Court's later consideration.  Doc. 60.  This cause is therefore in a posture for decision.  Having carefully considered the matter, the Court recommends that the second amended motion to vacate be denied.

## BACKGROUND

Defendant was indicted on one count of distribution of more than 50 grams of cocaine base and one count of distribution of more than 5 grams of cocaine base.  Doc. 1.  Thereafter, the Government filed an Information and Notice of Intent, placing Defendant on notice of its intent to seek a mandatory life sentence based on Defendant's two prior convictions for possession and sale of cocaine.  Doc. 17.

Defendant subsequently pled guilty to distribution of more than 50 grams of cocaine base.  Docs. 19 & 20.  On Wednesday, September 27, 2006, he was sentenced to life imprisonment.  Docs. 24-25.  At that time, the Court informed Defendant of his right to appeal.  Doc. 24.  On the following day, counsel for Defendant, Spiro T. Kypreos, wrote Defendant a

letter, advising him that he had spoken to the DEA agent and was of the opinion that he had "a realistic chance of getting credit for substantial assistance." Doc. 46, Aff. at Ex. 1. Mr. Kypreos also stated:

> Your mother called yesterday asking questions about an appeal in your case. I told her what I told you: You have the right to appeal the sentence within 10 days of the entry of your judgment of conviction and sentence; that the sentence was legal; that an appeal would accomplish nothing but if you wanted an appeal filed I would file one; and that your **only chance** at getting a reduced sentence is continue to cooperate with the prosecution and law enforcement. However, if you disagree with my advice and want to appeal let me know before the 10 days run.

*Id.* (emphasis in original).

On the following Monday, October 2, 2006, counsel wrote Defendant a second letter, stating:

> It was my understanding when we talked last Friday that you did **not** want me to file an appeal. Your mother called today asking what was going on in your case. I explained to her that I had talked to you Friday, that you did not want to file an appeal and that you understood that your only chance of getting a reduction in sentence was to get a substantial assistance motion. I asked her if you wanted to file an appeal and she said that she would contact you and let me know. I also explained to her that the collect calls from the jail are expensive, that I would not accept another collect cal and that if you wanted me to file an appeal all you have to do is let her know and have her call me–or you can set up a three way call through her. If you want me to file an appeal you need to let me know **before** the 10 day period runs.

Doc. 46, Aff. at Ex. 2 (emphasis in original). According to counsel, Defendant's mother "later confirmed by phone that he did not want to file an appeal and called me several times–not to say he wanted to appeal or ask about an appeal, but to ask whether a reduction in sentence would happen soon." Doc. 46, Aff. Thus, when counsel's October 2 letter to Defendant was returned because Defendant had been transferred to another facility, Mr. Kypreos did not forward it to him "primarily because [Defendant] had told his mother the same thing he had told me on

Friday, September 29, 2006, to wit:  he did not want to appeal, and I had no reason to believe he had changed his mind." *Id*.

At the evidentiary hearing, Mr. Kypreos testified that before sentencing he met with Defendant to review the PSR and that on the day of sentencing he talked with Defendant "to confirm that it was his intent to go forward with the plea and cooperation and not file an appeal, that he understood that [a life sentence] was going to be mandatory, there was nothing we could do that day to change it and there would be no appeal." Doc. 60 at 9.  Counsel was firm in his belief, both before and after sentencing, that Defendant did not want to file an appeal. *Id*. at 11.  According to counsel, after Defendant's mother raised an issue about taking an appeal, he talked to Defendant via telephone to clarify Defendant's intentions.  *Id*. at 13.  Again, Mr. Kypreos confirmed that Defendant did not want to appeal.  *Id*.; *see also id*. at 16-17.  In his mind, the matter was settled after the telephone call with Defendant, and he "did not receive either a call from [Defendant] or his mother subsequent to that or anything in writing from him or from her after that conversation asking me to file an appeal." *Id*. at 19.

On cross-examination, Mr. Kypreos stated that he was "careful" when advising a defendant about the right to appeal because he does not "what him to think he's pleading out to a mandatory life and somehow he's going to go on appeal and get that modified." *Id*. at 36-37.  As he succinctly phrased it: "[T]he last thing I want is a client taking mandatory life thinking he's got a parachute with an appeal when...that parachute ain't going to open." *Id*. at 37.  However, if the client does not "believe me" that there are no grounds for appeal, and he "still want[s] an appeal, that's [his] right." *Id*. at 37-38.  Counsel was adamant that "[a]t no time" did anyone tell him that Defendant wanted an appeal or "ask [him] what's happening on the appeal, what's the

status of [the] appeal....nothing about appeal at all after that conversation with [Defendant] on the phone." *Id*. at 42.

Defendant also testified. According to him, he and Mr. Kypreos did not discuss an appeal either before or after sentencing. *Id*. at 46-47. He agreed with Mr. Kypreos that they did talk on the telephone a few days after sentencing, but Defendant testified that when he asked counsel to file an appeal for him, counsel "told me it wouldn't do any good" and refused to "file it anyway." *Id*. at 47. According to Defendant, Mr. Kypreos told him not to call his office again. He acknowledged receiving the September 28, letter but stated that he did not receive it until after the September 29, telephone call. *Id*. at 50 & 65. Finally, Defendant testified that shortly before the hearing was scheduled was set in this case, he sent counsel for the Government a "truthful" letter, claiming that the allegations made in the § 2255 motion were "to set up a smoke screen to cover up that I was cooperating with the government basically for my life." *Id*. at 67.

Defendant's only allegation in the instant motion to vacate is that counsel rendered ineffective assistance when he failed to file a notice of appeal on Defendant's behalf. Doc. 43 at 3. The framework for analyzing an ineffective assistance of counsel claim for failure to file a notice of appeal is set forth in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Without dispute, it has long been the law "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477. "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id*. "At the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id*. at 477

(emphasis in original). If the defendant did not clearly convey his wishes one way or the other after counsel "consulted" with the defendant about an appeal, *i.e.*, counsel advised the defendant "about the advantages and disadvantages of taking an appeal, and [made] a reasonable effort to discover the defendant's wishes," counsel performs unreasonably only by disregarding the defendant's express instructions to appeal. *Id*. at 478.

Having considered the evidence and the testimony, the Court finds that the evidence establishes that counsel indisputably consulted with Defendant about an appeal. In the September 28 letter, counsel reiterated "what I told you," i.e., that in his opinion there were no grounds for appeal but that if Defendant wanted to appeal anyway, he would file the necessary paperwork. Counsel plainly advised Defendant that "if you disagree with my advice and want to appeal let me know before the 10 days run."

It is equally clear that counsel believed that Defendant "did **not** want [him] to file an appeal." Though the letter containing this statement was not delivered to Defendant because he had been moved to another facility, this fact does not diminish the Court's conclusion that the letter reflects counsel's understanding of his client's wishes after a subsequent discussion of the matter.

The Court does not put any credence in Defendant's suggestion that counsel did not "have a good understanding with [him]" about what Defendant actually wanted to do with regard to perfecting an appeal.[3] Doc. 50, Supp. Letter. Indeed, the Court does not find Defendant's

---

[3] Defendant did not file a formal reply to the Government's response, and thus, except for this limited, unsworn statement, Defendant made no written attempt to refute counsel's sworn affidavit.

testimony to be the least bit credible in light of his admission that his allegations were a smokescreen to conceal his cooperation with the Government from persons in the prison system. If Defendant did in fact specifically instruct counsel to appeal, either he or someone on his behalf would have followed up to determine the status of the appeal. When Defendant's inaction is coupled with his "truthful" letter to the Government, the Court has no hesitation in finding that counsel did not act deficiently in failing to file the notice of appeal.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the second amended motion to vacate, Doc. 43, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 15th day of October, 2008.

S/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 5:06-cr-00041-RS-AK*