IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               CASE NO. 5:06-cr-00041-RS-GRJ

MICHAEL DEWAYNE TENSLEY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 93, Defendant's motion to vacate under 28 U.S.C. § 2255. Defendant is serving a life sentence imposed following his guilty plea to one count of distribution of more than 50 grams of cocaine base. Doc. 25. Defendant did not appeal. He subsequently sought relief under § 2255 on the ground that his trial counsel rendered ineffective assistance for failing to file an appeal on his behalf. Doc. 43. Following an evidentiary hearing, the Court denied relief but granted Defendant a COA on his ineffective assistance claim. Docs. 64, 70. The Eleventh Circuit affirmed. Doc. 88.

The instant motion again attacks the sentence imposed by this Court. *See* Doc. 93. Specifically, Defendant contends that his counsel rendered ineffective assistance during sentencing and that the Court made errors in determining Defendant's criminal history by counting one prior conviction as two separate offenses.

Because Defendant previously was denied collateral relief on the merits of his § 2255 motion, he is barred from seeking such relief in this Court absent prior

certification from the Eleventh Circuit. 28 U.S.C. §§ 2255(h), 2244(b)(3). There is nothing in the record that reflects that Defendant has been granted leave by the Eleventh Circuit to file a second or successive motion to vacate, and thus this Court lacks the requisite authorization to entertain the claims raised in the instant motion.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate pursuant to 28 U.S.C. § 2255, Doc. 93, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 14th day of September, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**